UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY RICE,

        Petitioner,

Case No. 2:06-cv-11610

HONORABLE DENISE PAGE HOOD

v.

JEFF WHITE,

        Respondent.

                                      /

## ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE

Petitioner Gregory Rice is a state inmate currently incarcerated at Newberry Correctional Facility in Newberry, Michigan. Petitioner was convicted by a Wayne County Jury of first-degree murder and possession of a firearm during the commission of a felony, and sentenced to a controlling term of life imprisonment. On March 30, 2010, this Court conditionally granted habeas relief, requiring the state to retry Petitioner within a certain period of time. The Court's conditional grant of habeas relief was recently affirmed by the United States Court of Appeals for the Sixth Circuit. This matter comes before the Court on Petitioner's motion for immediate release. For the reasons stated below, Petitioner's motion for immediate release will be denied.

### I.

Petitioner's *pro se* petition for writ of habeas corpus was filed on April 4, 2006. On March 31, 2010, this Court conditionally granted the application for writ of habeas corpus, finding that the prosecutor had violated the Equal Protection Clause in exercising her peremptory challenges in the selection of the jury panel, and that the trial court had failed to cure the prosecutor's conduct, all in violation of the United States Supreme Court decision in *Batson v. Kentucky*, 476 U.S. 79 (1986). The Court ordered the state to afford Petitioner a new trial within ninety days of the date of the

Court's opinion granting relief if no appeal was taken, but, in the event of an appeal, "within ninety (90) days after any appellate avenues are exhausted and a mandate issued." *Rice v. White*, No. 2:06-cv-11610, 2010 WL 1347610 (E.D. Mich. March 31, 2010).

Respondent appealed this decision to the United State Court of Appeals for the Sixth Circuit. On October 24, 2011, the Court of Appeals affirmed this Court's grant of habeas corpus. The Court of Appeals issued a conditional writ of habeas corpus directing the State of Michigan to retry Petitioner within 180 days or release him from custody. *Rice v. White*, 660 F.3d 242, 260 (6th Cir. 2011). The Court of Appeals denied rehearing and rehearing *en banc* on January 20, 2012. The Court of Appeals did not, however, issue the mandate. Instead, on February 6, 2012, the Court of Appeals granted Respondent's motion to stay the mandate to allow Respondent time to file a petition for a writ of certiorari, and thereafter until the United States Supreme Court disposes of the case, provided that the mandate would promptly issue if the petition was not filed within ninety days from the date of the final judgment by the Court of Appeals. The time for filing a petition for writ of certiorari has not yet lapsed.

Petitioner has now filed with this Court a motion for immediate release. In his motion, Petitioner asserts that the state has failed to retry him within the time period set forth in this Court's initial order conditionally granting habeas relief, that any petition for writ of certiorari to the United States Supreme Court would be fruitless, and that he should not be compelled to remain in prison while further actions are exhausted.

Petitioner's motion must be denied because this Court lacks jurisdiction over the motion. This Court's order granting conditional habeas relief included a stay of that relief until all appellate avenues were exhausted, which has not yet happened. Petitioner did not contest this aspect of the Court's order at the time it was issued. Once Respondent filed his notice of appeal, the filing of the notice of appeal transferred jurisdiction of the case to the court of appeals, leaving this Court without

2

jurisdiction to alter its judgment. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007). An exception to this rule is that the district court retains jurisdiction to proceed with matters that are in aid of the appeal. *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). "The distinction, although sometimes blurred, is between actions that merely aid the appellate process and actions that alter the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (internal quotation omitted). Petitioner's motion essentially seeks an amendment to this Court's original order which both conditionally granted habeas relief and stayed such relief pending appeal, and does not merely aid the appellate process. This Court does not have jurisdiction to amend its order granting conditional relief.

Furthermore, contrary to Petitioner's assertion, Respondent has not failed to comply with the terms of this Court's March 31, 2010 order. That order required Respondent to either retry Petitioner within 90 days of the date of that order or appeal, and, in the case of an appeal, automatically stayed the order until all appeals had been exhausted. Respondent did not need to move for a stay of the Court's conditional grant of habeas relief because the order itself included a stay until all appeals were exhausted. Petitioner's motion would be denied even if this Court had jurisdiction to consider it.

While the Court lacks jurisdiction to amend its order staying its grant of habeas relief through appeals, there is authority for the proposition that a district court retains jurisdiction to consider a motion for bail, despite the fact that the Court of Appeals has retained jurisdiction over the appeal. *See Jago v. United States District Ct.*, 570 F.2d 618 (6th Cir. 1978). Such a motion for bail would argue that release pending further proceedings is appropriate under the standards set forth in *Hilton*

3

*v. Braunskill*, 481 U.S. 770 (1987). Petitioner's motion for immediate release, however, does not seek bail, but rather asserts that he is entitled to release by terms of this Court's order granting conditional habeas relief, or that the Court should lift the stay contained in that order. As discussed above, the Court cannot consider such a motion.

## II.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's Motion for Immediate Release [Dkt. 47] is **DENIED**. Petitioner's Motion for Immediate Consideration [Dkt. 48] is **DENIED AS MOOT**.

                                              S/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge

Dated: April 11, 2012

I hereby certify that a copy of the foregoing document was served upon Gregory Rice #296423, 8585 N. Croswell Road, St. Louis, MI 48880 and counsel of record on April 11, 2012, by electronic and/or ordinary mail.

                                              S/LaShawn R. Saulsberry
                                              Case Manager