UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY RICE,

        Petitioner,

v.

JEFF WHITE,

        Respondent.

_____/

Case No. 2:06-cv-11610

HONORABLE DENISE PAGE HOOD

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR IMMEDIATE CONSIDERATION, TAKING UNDER ADVISEMENT PETITIONER'S MOTION FOR IMMEDIATE RELEASE, REFERRING THE MATTER TO PRETRIAL SERVICES FOR AN INVESTIGATION AND BOND RECOMMENDATION, AND ORDERING RESPONDENT TO FILE SUPPLEMENTAL BRIEF**

Petitioner Gregory Rice is a state inmate currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. Petitioner was convicted by a Wayne County Jury of first-degree murder and possession of a firearm during the commission of a felony, and sentenced to a controlling term of life imprisonment. On March 30, 2010, this Court found that Petitioner's conviction had been obtained in violation of the rules set forth in *Batson v. Kentucky*, 476 U.S. 79 (1986), and conditionally granted habeas relief. The Court's conditional grant of habeas relief was affirmed by the United States Court of Appeals for the Sixth Circuit. The United States Supreme Court denied Respondent's petition for writ of certiorari on June 11, 2012. The Sixth Circuit issued the mandate on June 26, 2012. This matter comes before the Court on Petitioner's motions for immediate consideration and immediate release. For the reasons stated below, Petitioner's motion for immediate release will be taken under advisement pending a report by pretrial services for an investigation and bond recommendation and further briefing by Respondent.

**I.**

On March 31, 2010, this Court conditionally granted Petitioner's application for writ of habeas corpus, finding that the prosecutor had violated the Equal Protection Clause in exercising her peremptory challenges in the selection of the jury panel, and that the trial court had failed to cure the prosecutor's conduct, all in violation of the United States Supreme Court decision in *Batson v. Kentucky*, 476 U.S. 79 (1986).  The Court ordered the state to afford Petitioner a new trial within ninety days of the date of the Court's opinion granting relief if no appeal was taken, but, in the event of an appeal, "within ninety (90) days after any appellate avenues are exhausted and a mandate issued."  *Rice v. White*, No. 2:06-cv-11610, 2010 WL 1347610 (E.D. Mich. March 31, 2010).  Petitioner's other twenty claims for habeas relief were either denied or found to be procedurally defaulted.

Respondent appealed this decision to the United State Court of Appeals for the Sixth Circuit.  On October 24, 2011, the Court of Appeals affirmed this Court's grant of habeas corpus.  The Court of Appeals issued its own conditional writ of habeas corpus directing the State of Michigan to retry Petitioner within 180 days or release him from custody.  *Rice v. White*, 660 F.3d 242, 260 (6th Cir. 2011).  On February 6, 2012, the Court of Appeals granted Respondent's motion to stay the mandate pending Respondent's petition for a writ of certiorari.  The United States Supreme Court denied the State's petition for writ of certiorari on June 11, 2012.  The Sixth Circuit issued the mandate on June 26, 2012.

Petitioner filed a motion for immediate release with this Court immediately following the Sixth Circuit's affirmance of this Court's conditional grant of habeas relief.  In his motion for immediate release, Petitioner argued that he was entitled to immediate release because the State had failed to retry him within 90 days of the Court's initial grant of conditional habeas relief.  This Court denied Petitioner's motion, reasoning that the Court's order conditionally granting habeas relief contained

2

a self-executing stay pending all appeals, and that therefore Respondent was not in default of the

Court's order conditionally granting habeas relief.

Petitioner has now filed with this Court a second motion for immediate release. In his motion,

Petitioner again asserts that the state has failed to retry him within the time period set forth in this

Court's initial order conditionally granting habeas relief, all appellate avenues are now exhausted,

and the state has not moved for a stay pending appeal. Therefore, Petitioner argues, he is entitled

to immediate release under the terms of the Court's initial order granting conditional habeas relief.

Respondent has filed a response opposing Petitioner's motion for immediate release. In the

response, Respondent argues that, due to the operation of the automatic stay, the time for retrying

or releasing Petitioner did not begin to run until June 26, 2012, the date the Sixth Circuit issued the

mandate, and therefore the State's time for complying with the order of the Sixth Circuit has not yet

expired. Respondent argues that the Court should only entertain a motion for release by Petitioner

if the State does not comply with the conditional writ as affirmed by the Sixth Circuit.

A.

Conditional grants of a writ of habeas corpus provide the state with a window of time within

which it may cure the constitutional error. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir.

2006). Conditional grants of the writ are favored since they provide the state an opportunity to cure

its constitutional errors and maintain comity among co-equal sovereigns. *Hilton*, 481 U.S. at 775.

The only distinction between a conditional and an absolute grant of the writ of habeas corpus is that

the conditional writ "lies latent unless and until the state fails to perform the established condition,

at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). "When

the state fails to cure the error, i.e., when it fails to comply with the order's conditions, '[a]

conditional grant of a writ of habeas corpus *require*s the petitioner's release from custody.' "

*Satterlee*, 453 F.3d at 369 (emphasis original). The conditional nature of the writ places within the

district court the power to determine that its order has been substantially complied with and whether release is or is not warranted. *See Gentry*, 456 F.3d at 692 ("A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case.") (internal citation omitted).

Petitioner is not entitled to immediate release under the terms of this Court's March 31, 2010 order because the conditions set forth in the conditional grant of habeas relief have not yet matured. The Court's order required the State to either release the Petitioner or retry him within 90 days of the date of that order or appeal, and, in the case of an appeal, automatically stayed the order until all appeals had been exhausted. Respondent did not need to move for a stay of the Court's conditional grant of habeas relief because the order itself included a stay until all appeals were exhausted. The order of the Court of Appeals for the Sixth Circuit affirming conditional habeas relief extended to 180 days the time period for retrying or releasing Petitioner. This time began to run on June 26, 2012, the date the Sixth Circuit issued its mandate, and has not yet expired.

B.

While the State is not yet in default of the order granting the conditional writ of habeas corpus, the Court does finds it appropriate to consider whether Petitioner should be released on bail pending retrial or other proceedings. While Petitioner does not explicitly seek release on bail pending further proceedings, the Court recognizes that Petitioner's conviction has been found to be constitutionally infirm, which draws into question his continuing incarceration.

There is a presumption that a successful habeas petitioner should be released from custody following a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); Fed. R. App. P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of

4

governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton,* 481 U.S. at 776.[1]

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Hilton*, 481 U.S. at 776; *Workman*, 958 F. 2d at 166.  In determining whether to grant a stay, a federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; [which] will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton*, 481 U.S. at 777.

In this case, the State has been given six months with which to comply with the conditional grant of habeas relief.  The actions of the Sixth Circuit Court of Appeals in affirming this Court's conditional grant of habeas relief are relevant to the first *Hilton* factor, Respondent's likelihood of success on the merits, but the Court is not in a position at this time to consider the remaining *Hilton* factors without further information.

The Court will therefore take Petitioner's motion for immediate release under advisement and will refer the matter to Pretrial Services for an investigation and recommendation in relation to the appropriate conditions for petitioner's release. *See e.g. Newman v. Metrish*, 300 Fed. Appx. 342,

---

[1]While *Hilton* addresses the case where an order granting habeas relief is up on appeal, it remains informative in the present situation, where the appellate courts have affirmed a conditional grant of habeas relief but where further proceedings remain.

343-44 (6th Cir. 2008); *See also Smith v. Jones*, No. 05-cv-72971, 2007 WL 3408552, *4 (E.D. Mich. Nov. 15, 2007). The Court will give Respondent thirty days from the date of this order to file a brief addressing how the *Hilton* factors apply to Petitioner's motion for immediate release, and whether Respondent can overcome the presumption that release is appropriate pending retrial or further proceedings by the State.

## II.

Wherefore;

IT IS ORDERED THAT Petitioner's Motion for Immediate Consideration [Dkt. # 55] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Immediate Release [Dkt. # 56] is taken under advisement.

IT IS FURTHER ORDERED that the matter shall be referred to Pretrial Services for an investigation and recommendation in relation to the appropriate conditions for Petitioner's release.

IT IS FURTHER ORDERED that Respondent shall file a brief within thirty (30) days of the date of this order addressing how, under the factors set forth by the United States Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770 (1987), the presumption of immediate release applies to Petitioner.

SO ORDERED.

Dated:  September 25, 2012                    s/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

                                    s/LaShawn R. Saulsberry
                                    Case Manager

6