UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY RICE,

        Petitioner,

v.

JEFF WHITE,

        Respondent.

                                       /

Case No. 2:06-cv-11610

HONORABLE DENISE PAGE HOOD

**ORDER DENYING PETITIONER'S MOTION TO ORDER RELEASE; DENYING PETITIONER'S PETITION FOR ENFORCEMENT OF THE COURT'S CONDITIONAL WRIT OF HABEAS CORPUS; AND DENYING AS MOOT PETITIONER'S MOTION FOR IMMEDIATE CONSIDERATION**

Petitioner Gregory Rice is a state inmate. On March 30, 2010, this Court entered an order conditionally granted habeas relief. The Court's conditional grant of habeas relief was affirmed by the United States Court of Appeals for the Sixth Circuit. This matter comes before the Court on Petitioner's renewed motion for release.[1] For the reasons stated below, Petitioner's renewed motion for release will be denied.

**I.**

On March 31, 2010, this Court conditionally granted Petitioner's *pro se* petition for writ of habeas corpus. The Court ordered the state to afford Petitioner a new trial within ninety days of the date of the Court's opinion granting relief if no appeal was taken, but, in the event of an appeal, "within ninety (90) days after any appellate avenues are exhausted and a mandate issued." *Rice v. White*, No. 2:06-cv-11610, 2010 WL 1347610 (E.D. Mich. March 31, 2010). The order was affirmed

---

[1] Petitioner's motion includes a caption that refers to Jerome Knight, Petitioner's co-defendant at trial, attaches documents relating to Knight's conviction, and purports to seek relief on behalf of Knight as well as on behalf of Petitioner. As Knight's petition is pending before the Western District of Michigan, not before this Court, the Court will not address any allegations with regard to Knight.

by the United States Court of Appeals for the Sixth Circuit. *Rice v. White*, 660 F.3d 242 (6th Cir. 2011). The Court of Appeals issued its own writ of habeas corpus, directing the State to retry Petitioner within 180 days or release him from custody. *Id.* at 260. The Court of Appeals stayed issuance of the mandate to permit the state to filed a petition for writ of certiorari to the United States Supreme Court and until the Supreme Court disposed of the case. The United States Supreme Court denied certiorari on June 11, 2012. *White v. Rice*, __ U.S. __, 132 S. Ct. 2751 (2012). The State's appeal concluded with the issue of the mandate by the United States Court of Appeals for the Sixth Circuit on June 26, 2012. (Dkt. 57).

Three months later, on September 26, 2012, the Wayne County Circuit Court entered an order vacating Petitioner's conviction and sentence in accordance with the October 4, 2011 opinion of the United States Court of Appeals for the Sixth Circuit. *People v. Rice*, No. 99-002073-01-FC (Mich. Cir. Ct. Sept. 26, 2012) (Exhibit A, Response to Motion for Release) (Dkt. 77-2). Petitioner was released into the custody of the Wayne County Sheriff on October 9, 2012 and he was transported to the Wayne County Jail. The Michigan Department of Corrections issued a certificate of Discharge effective October 19, 2012, discharging Petitioner from its custody. (Exhibit B, Response to Motion for Release) (Dkt. 77-3). Petitioner's counsel represents that, on November 29, 2012, Judge Cynthia Hathaway of the Third Circuit Court set bond for Petitioner at $500,000, but that order was vacated by the Michigan Court of Appeals on December 12, 2012. The Michigan Court of Appeals vacated the trial court's bond order, remanded Petitioner to Wayne County Jail, and ordered the trial court to retry Petitioner by February 13, 2013.

Presently before the Court are two motions for release from custody; the first filed through counsel, is entitled Motion to Order Release of Defendant-Petitioners from Custody Pursuant to Conditional Writs of Habeas Corpus, and the second, filed *pro se,* is entitled Petition for Enforcement of Writ of Habeas Corpus.

## II.

In Petitioner's motion filed through counsel, Petitioner asserts that the state has failed to either retry him or release him from custody within 180 days as provided by the conditional writ issued by the Sixth Circuit.

Petitioner's motion will be denied because the Court lacks jurisdiction to release Petitioner. The conditional writ issued by the Sixth Circuit provided that the state needed to either retry Petitioner or release him from custody within 180 days of the effective date of the opinion, which became effective on the issuance of the mandate. The state complied with the conditional writ by vacating Petitioner's conviction and discharging him from the custody of the Michigan Department of Corrections pursuant to the constitutionally infirm judgment of conviction. At the point the state complied with the conditional writ, this Court's jurisdiction over Petitioner's confinement came to an end. "For federal habeas jurisdiction to exist under § 2254 . . . a state prisoner must be held pursuant to a *judgment* - rather than, say, an indictment or criminal information." *Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009) (emphasis original). "[O]nce the unconstitutional judgment is gone, so too is federal jurisdiction under §2254." *Id.*

Petitioner argues that the Court has jurisdiction to order Petitioner's release under *D'Ambrosio v. Bagley*, 656 F.3d 379 (6th Cir. 2011). That case, however, is distinguishable. In *D'Ambrosio*, the district court issued a conditional writ ordering the state court to either set aside D'Ambrosio's convictions and sentences or conduct another trial withing 180 days of the effective date of the court's order. *D'Ambrosio*, 656 F.3d at 381, n.1. The state did not retry D'Ambrosio within the time period, but instead returned to the district court to seek an enlargement of the time set for retrial, due to newly discovered evidence produced by the state on the eve of trial. *Id.* The district court denied the state's motion and instead issued an unconditional writ of habeas corpus. *Id.* at 382. Importantly, in that case, the Court of Appeals held that the state had not, in fact, vacated

3

D'Ambrosio's infirm conviction, although the district court used the term "vacated" on occasion. *See D'Ambrosio*, 656 F.3d at 386 (holding that the state "failed to satisfy the other alternative for compliance with the conditional writ as it did not set aside D'Ambrosio's conviction and sentences" and noting that the warden conceded as much by seeking an extension of time with the district court). Here, on the other hand, the state court issued an order within three months of the issuance of the mandate that "defendant's convictions and sentences are VACATED in accordance with the opinion and order of the Sixth Circuit Court of Appeals entered on October 24, 2011." *People v. Rice*, No. 99-002073-01-FC (Mich. Cir. Ct. Sept. 26, 2012). Petitioner was rearraigned, and afforded a bond hearing. *Cf. Eddleman*, 586 F.3d at 412 (defendant's rearraignment and bond hearing "confirms that his prior conviction had been set aside"). Petitioner's conviction and sentence have been vacated, and he is no longer in custody pursuant to the original unconstitutional judgment. Petitioner's motion will therefore be denied.

## III.

Also before the Court is Petitioner's *pro se* motion entitled "Petition for Enforcement of the Court's Conditional Writ of Habeas Corpus." This motion asserts the same arguments as the motion filed by counsel, that the conditional writ required Petitioner be retried or released from physical custody within 180 days, that the state has failed to comply with the requirements of the conditional writ, and that Petitioner is therefore entitled to an unconditional writ. Petitioner's *pro se* motion will be denied for the same reasons applicable to the motion filed by counsel.

## IV.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's Motion to Order Release of Defendant-Petitioners from Custody Pursuant to Conditional Writ of Habeas Corpus [Dkt. 75] is **DENIED**. Petitioner's Motion for Immediate Consideration [Dkt. 76] is **DENIED AS MOOT**.

Petitioner's Petition for Enforcement of the Court's Conditional Writ of Habeas Corpus [Dkt. 78] is

**DENIED**.

                                                s/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: February 15, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 15, 2013, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager